IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REAL TIME SOCIAL INVENTIONS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 12-187 (RGA) |
| | ) |
| ORACLE CORPORATION, | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

**ORACLE CORPORATION'S ANSWER AND DEFENSES
TO REAL TIME SOCIAL INVENTIONS, LLC'S
COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Oracle Corporation ("Oracle"), by and through its undersigned counsel, hereby responds to Real Time Social Inventions, LLC's ("RTSI") Complaint for Patent Infringement ("Complaint") by admitting, denying and alleging as follows:

**THE PARTIES**

1. Oracle is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint and, therefore, denies those allegations.

2. Oracle admits that it is a Delaware corporation with its principal place of business at 500 Oracle Parkway, Redwood Shores, California. Except as so expressly admitted herein, Oracle denies the allegations in Paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3. Oracle realleges its responses in the above paragraphs as though fully set forth in this paragraph.

4. Oracle admits that RTSI's action purports to arise under the patent laws of the United States, 35 U.S.C. §§ 1 et seq., but denies any wrongdoing or liability on its own behalf for the reasons stated herein. Oracle admits that this Court has subject matter jurisdiction over

the allegations as pled under 28 U.S.C. §§ 1331 and 1338(a).  Except as so expressly admitted herein, Oracle denies the allegations in Paragraph 4 of the Complaint.

5. Oracle admits that this Court has personal jurisdiction over Oracle for purposes of this action and that Oracle is incorporated in Delaware.  Oracle denies that it has committed any acts of infringement within Delaware or this judicial district, and specifically denies any wrongdoing or liability on its own behalf.  Except as so expressly admitted herein, Oracle denies the allegations in Paragraph 5 of the Complaint.

6. Oracle admits that venue is proper in this district for purposes of this action, but denies that this is the most convenient venue for this action.  Oracle denies that it has committed any acts of infringement within Delaware or this judicial district, and specifically denies any wrongdoing or liability on its own behalf.  Except as so expressly admitted herein, Oracle denies the allegations in Paragraph 6 of the Complaint.

## THE ASSERTED PATENT

7. Oracle realleges its responses in the above paragraphs as though fully set forth in this paragraph.

8. Oracle admits that United States Patent No. 7,853,881 ("the '881 Patent"), attached to the Complaint as Exhibit A, is entitled "Multi-User On-Line Real-Time Virtual Social Networks Based Upon Communities of Interest for Entertainment, Information or E-Commerce Purposes." Oracle admits that the '881 Patent states on its face that it issued on December 14, 2010. Oracle denies that the '881 Patent was duly and legally issued by the United States Patent Office.  Oracle is without knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 8 of the Complaint and, therefore, denies those allegations.

9. Oracle is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Complaint and, therefore, denies those allegations.

10. Oracle denies the allegations in Paragraph 10 of the Complaint.

11. Oracle denies the allegations in Paragraph 11 of the Complaint.

12. Paragraph 12 purports to "reserve[] the right to allege" and does not state any allegations and therefore does not require a response. To the extent anything in Paragraph 12 requires a response, Oracle denies the allegations in Paragraph 12 of the Complaint.

## RESPONSE TO RTSI'S PRAYER FOR RELIEF

13. Oracle denies that RTSI is entitled to any relief under the Complaint, including the relief requested in Paragraphs (a) through (d). Oracle has not infringed the '881 Patent, either literally or under the doctrine of equivalents or otherwise. RTSI is not entitled to recover statutory damages, compensatory damages, enhanced damages, an accounting, injunctive relief, costs, fees, interest, or any type of recovery from Oracle. RTSI's prayer should, therefore, be denied in its entirety and with prejudice, and RTSI should take nothing.

## DEFENSES

In addition to the defenses described below, Oracle expressly reserves the right to allege additional defenses as they become known through the course of discovery.

## FIRST DEFENSE — NON-INFRINGEMENT

14. Oracle has not infringed and is not infringing any valid claim of the '881 Patent.

## SECOND DEFENSE — INVALIDITY

15. Each and every claim of the '881 Patent is invalid for failure to comply with one or more of the conditions of patentability set forth in 35 U.S.C. § 101 et seq., including without limitation, §§ 101, 102, 103, and/or 112.

## THIRD DEFENSE — ESTOPPEL

16. RTSI's claims are barred in whole or in part by the doctrines of waiver, unclean hands, equitable estoppel, estoppel, and/or prosecution history estoppel.

## FOURTH DEFENSE — NOTICE

17. To the extent that RTSI seeks damages for any alleged infringement prior to giving actual or constructive notice of the '881 Patent to Oracle, the relief sought is barred by 35 U.S.C. § 287.

## FIFTH DEFENSE — FAILURE TO STATE A CLAIM

18. RTSI's Complaint fails to state a claim upon which relief can be granted.

## SIXTH DEFENSE – PROSECUTION LACHES

19. RTSI's claims are barred in whole or in part by the doctrine of prosecution laches.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedures, Oracle hereby demands a trial by jury on all issues so triable.

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | |
| | */s/ Stephen J. Kraftschik* |
| | Mary B. Graham (#2256) |
| | Jeremy A. Tigan (#5239) |
| | Stephen J. Kraftschik (#5623) |
| | 1201 North Market Street |
| | P.O. Box 1347 |
| | Wilmington, DE  19899 |
| | (302) 658-9200 |
| OF COUNSEL: | mgraham@mnat.com |
| | jtigan@mnat.com |
| Douglas E. Lumish | skraftschik@mnat.com |
| Patricia Young | *Attorneys for Oracle Corporation* |
| Joseph B. Shear | |
| KASOWITZ BENSON | |
| TORRES & FRIEDMAN LLP | |
| 333 Twin Dolphin Drive, Suite 200 | |
| Redwood Shores, CA  94065 | |
| (650) 453-5170 | |
| | |
| Michael Eisenberg | |
| KASOWITZ BENSON | |
| TORRES & FRIEDMAN LLP | |
| 1633 Broadway | |
| New York, NY  10019 | |
| (212) 506-1780 | |
| | |
| July 13, 2012 | |
| 6062868 | |

5